IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01687-PAB-DW

VIESTI ASSOCIATES, INC.,

    Plaintiff,

v.

PEARSON EDUCATION, INC., and
JOHN DOES 1 through 10,

    Defendants.

## STIPULATED PROTECTIVE ORDER

WHEREAS, certain documents sought in pretrial discovery in this action may contain non-public confidential, proprietary, commercially sensitive, or trade secret information, including without limitation non-public highly sensitive financial, business planning or technical data concerning print quantities, publication dates, printing, sales, or distribution estimates and projections, costs, expenses, revenues, profits, relationships with vendors, corporate policies or procedures, or similar non-public information the parties have taken reasonable steps to keep secret, the disclosure of which would have an adverse impact upon the parties' businesses;

WHEREAS, good cause exists for entry of this Protective Order. *See* Fed. R. Civ. P. 26(c)(1);

WHEREAS, this Protective Order provides reasonable and necessary restrictions on the disclosure of sensitive materials of a confidential nature;

WHEREAS, all parties agree to the terms of this Protective Order to protect their confidential documents, information, and things;

WHEREAS, to streamline the discovery process and minimize the need for Court intervention, this Protective Order adopts an approach that allows the producing party to designate certain materials being produced, whether it be a document, information contained in a document, information revealed in a deposition, information revealed in an interrogatory answer, information revealed in a request for admission or otherwise, as confidential or counsel only with disclosure limited to specific classes of persons, as set forth herein;

WHEREAS, this Protective Order also provides that the party requesting production of the information may challenge the producing party's confidentiality designation before the Court, thereby minimizing the likelihood that non-sensitive documents will be unnecessarily designated as confidential or counsel only; and

WHEREAS, this Stipulated Protective Order allocates to the producing party the burden of justifying the confidentiality designation;

NOW, THEREFORE, THE PARTIES HEREBY STIPULATE AND AGREE, by and through their respective counsel, subject to the approval of the Court, to the entry of this Protective Order pursuant to Fed. R. Civ. P. 26(c), on the terms and conditions set forth below. The Court being duly advised, **IT IS HEREBY ORDERED** as follows:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a).

3. "Confidential Material" shall mean any document, brief, interrogatory response, response to request for admission, transcript of testimony, testimony, or other information that is designated as "Confidential Material" under the provisions of this Order.

4. "Counsel Only Material" shall mean any document, interrogatory response, transcript of testimony, or other material that is designated as "Counsel Only Material" under the provisions of this Order.

5. Confidential Material and Counsel Only Material, and information derived therefrom, shall be used solely for purposes of the claims and defenses in this Action and shall not be used for any other purpose, including, without limitation, any business, proprietary, commercial or governmental purpose. Confidential Material and Counsel Only Material, and information derived therefrom, shall not be used for litigation purposes, other than in this litigation. Nothing herein should be construed to restrict the ability of counsel to advise their clients with respect to the litigation based upon Confidential and Counsel Only Materials, provided that such information is not disclosed, except as permitted in this Protective Order.

6. "Designating Party," when used in reference to "Confidential Material" or "Counsel Only Material," shall mean the party that designated such material under the provisions of this Order.

7. Where Confidential or Counsel Only Material is produced, provided or otherwise disclosed by a Party in response to any discovery request, it shall be designated in the following manner:

    a. By imprinting the word(s) "Confidential" or "Counsel Only" on each page or portion of any document containing the Confidential or Counsel Only

Material; or

b.  By imprinting the word(s) "Confidential" or "Counsel Only" next to or above any response, or any portion thereof, to a discovery request containing the Confidential or Counsel Only Material.

8.  In connection with deposition testimony, the deponent or his or her counsel may invoke the provisions of this Order by claiming confidentiality at the conclusion of the deposition or within ten (10) business days from receipt of the transcript of the deposition. At all times prior to the conclusion of the ten (10) day period, counsel for the parties shall treat the entire transcript as if it had been designated "Confidential" regardless of whether any such designation was made at the time of the deposition. Failure to designate specific portions of a deposition as "Confidential" or "Counsel Only" within the ten (10) day period shall result in the entire transcript being considered not confidential. Testimony that has been designated "Confidential" or "Counsel Only" on the record of the deposition shall be transcribed in a separate transcript marked accordingly on each page.

9.  Material designated "Confidential" shall not, without the written consent of the Designating Party or further Order of the Court, be disclosed to anyone other than:

a.  Outside counsel retained by a party to this action, their regularly employed contract attorneys and staff, and in-house counsel for the parties to this action;

b.  Witnesses and deponents of the Designating Party;

c.  The Court, including any staff, law clerk, magistrate, special master, or court reporter;

  d. Outside consultants or experts retained by a party in connection with this action who have executed the acknowledgement in the form attached as Exhibit A;

  e. The parties to this action and their officers, employees, and agents;

  f. Duplicating or document management services retained by a party for purposes of copying documents or preparing exhibits for deposition, trial, or other court proceedings in this action;

  g. The Author of the document and anyone shown on the document as having received it in the ordinary course of business;

  h. Any mediator retained by the parties to mediate the case; and

  i. Any other person only upon Order of the Court or upon the written consent of the Designating Party, which will not be unreasonably withheld.

10. Material designated "Counsel Only" shall not, without the written consent of the Designating Party or further Order of the Court, be disclosed to anyone other than:

  a. Outside counsel retained by a party to this action, their regularly employed contract attorneys and staff, and in-house counsel for the parties to this action;

  b. The Court, including any staff, law clerk, magistrate, special master, or court reporter;

  c. Duplicating or document management services retained by a party for purposes of copying documents or preparing exhibits for deposition, trial, or other court proceedings in this action; and

   d. The Author of the document and anyone shown on the document as having received it in the ordinary course of business.

11. The Party's counsel who discloses Confidential Material or Counsel Only Material shall obtain and retain the original acknowledgements signed by qualified recipients of Confidential Material or Counsel Only Material, and shall maintain a list of all persons to whom any Confidential Material or Counsel Only Material is disclosed.

12. A party may designate information as Confidential Material or Counsel Only Material if such party in good faith believes that such information qualifies for the designation under the following standards (a) Confidential Material includes non-public confidential, proprietary, commercially sensitive, or trade secret information, including print quantities, publication dates, printing, sales, or distribution estimates and projections, costs, expenses, revenues, profits, relationships with vendors, corporate policies or procedures, or similar non-public information the parties have taken reasonable steps to keep secret, the disclosure of which would lead to competitive, commercial, or economic harm; (b) Counsel Only Material includes highly sensitive financial, business planning, or technical data or information for which the Designating Party has a good faith basis to believe that the Confidential Material designation does not provide adequate protection.

13. A party objecting to the designation of any information as Confidential or Counsel Only may, after making a good faith effort to resolve any such objection, move for an Order vacating the designation. While such an application is pending, the information in question shall be treated as it has been designated, either Confidential Material or Counsel Only Material, pursuant to this Protective Order. The provisions of this Protective Order are not

intended to shift the burden of establishing confidentiality, which remains at all times on the Designating Party.

14. In the event that counsel for a party desires to identify, discuss, disclose, or otherwise use materials or the contents of materials designated as "Confidential" or "Counsel Only" during the course of pretrial or trial proceedings, counsel for the Designating Party may request that any portion of any transcript wherein materials or the contents of such materials designated as "Confidential" or "Counsel Only" are identified, discussed, disclosed, or used, be filed under seal with this Court and be accorded the protections afforded by this Protective Order. The parties will meet and confer regarding any procedure(s) that may be necessary to protect the confidentiality of any documents, information, and/or transcripts used in the course of any court proceedings. Sealing of a hearing or trial, or a portion thereof, may occur upon a requisite showing under D.C. COLO LCivR 7.2.

15. If any party wishes to file or refer to any material containing Confidential or Counsel Only Material, that party shall file a motion to seal and otherwise follow the procedures and requirements set forth in D.C. COLO LCivR 7.2. In the event the party seeking to submit such Confidential or Counsel Only Material for the Court's review is not the Designating Party, the Designating Party will have the right to submit to the Court such information as it believes necessary to establish that the information is entitled to protection under the standards articulated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-602 (1978) (applied in *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985), and *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)). Until such time as the Court rules on the motion to seal, such information shall be treated as sealed and shall not be publicly filed. No party may publicly

file any Confidential or Counsel Only Material without first obtaining a determination from the Court that the designation may be set aside and the information may henceforward be publicly revealed.

16. Nothing contained herein shall prevent any party from using or disclosing its own Confidential Material or Counsel Only Material without having to comply with the terms of this Protective Order. However, if any party uses or discloses its own Confidential Material or Counsel Only Material publicly, that material will lose its designation as "Confidential" or "Counsel Only."

17. Upon termination of this action, unless the attorneys of record otherwise agree in writing, each party shall assemble and return all designated materials, including copies, to the person(s) and entity from whom the material was obtained within sixty (60) days, or destroy such materials. The attorney of record may retain one (1) copy of any pleadings, briefs, or other documents filed with the Court that contain Confidential Material or Counsel Only Material. Notwithstanding the foregoing, attorney work product containing Confidential Material or Counsel Only Material need not be returned or destroyed.

18. If a document is inadvertently produced by either party without the appropriate confidentiality designation, the producing party shall notify the receiving party of the oversight. Once notified, the receiving party shall treat the document as being appropriately designated and subject to this Order. In such circumstances, the receiving party shall use its best efforts, after redesignation, to recall any copies of the redesignated documents that were previously disclosed.

19. This Protective Order shall survive the termination of this action and continue in full force and effect. The Court shall retain jurisdiction to alter this Protective Order as the Court may deem appropriate.

20. In the event that an additional party joins or is joined in this action, it shall not have access to Confidential Material or Counsel Only Material until the newly joined party or its counsel has executed and, at the request of any party, filed with the Court its agreement to be fully bound by this Order or an alternative protective order that is satisfactory to all parties and the Court.

DATED this 12th day of December, 2011.

_____
United States District Judge

**EXHIBIT A**
**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-01687-PAB-DW

VIESTI ASSOCIATES, INC.,

    Plaintiff,

v.

PEARSON EDUCATION, INC., and
JOHN DOES 1 through 10,

    Defendants.

---

**CERTIFICATE OF CONSENT TO BE BOUND BY PROTECTIVE ORDER**

---

_____, swears or affirms and states under penalty of perjury:

I have read the Protective Order entered in the above-captioned case, a copy of which is attached to this Affidavit.

I have been informed by _____, Esq., counsel for

_____, that the materials described in the list attached to this Affidavit are Confidential Material or Counsel Only Material as defined in the Protective Order.

I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Material or Counsel Only Material shown or told to me except as authorized in the Protective Order. I will not use the Confidential Material or Counsel Only Material for any purpose other than this litigation.

For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

      I will abide by the terms of the Protective Order.

_____ Address: _____
(Signature)

                                                                _____

_____ Telephone No.: (___)_____
(Print or Type Name)