IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-01687-PAB-CBS

VIESTI ASSOCIATES, INC.,

    Plaintiff,

v.

PEARSON EDUCATION, INC. and
JOHN DOES 1 through 10,

    Defendants.

---

# ORDER

---

This matter is before the Court on the Motion to Dismiss [Docket No. 70] of defendant Pearson Education, Inc. ("Pearson"). Pearson requests that the Court dismiss the claim of copyright infringement filed by plaintiff Viesti Associates, Inc. ("Viesti"). The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1338.

Viesti is a stock photography agency that licenses photographs for editorial and advertising purposes.[1] Docket No. 63 at 1-2, ¶ 2. Pearson is a textbook publisher located in Delaware whose publications are sold and distributed throughout the country. *Id*. at 2, ¶ 3.

Viesti alleges that, by authorship or assignment, it is the owner of the copyrights for the photographs identified in "Exhibit A" to its first amended complaint. Docket No.

---

[1] The following allegations are drawn from Viesti's First Amended Complaint [Docket No. 63] and are taken as true.

63-1. Viesti asserts that these photographs are registered with the United States Copyright Office or that applications for copyright protection are currently pending before the Copyright Office. Docket No. 63 at 2-3, ¶ 7. Exhibit A, however, does not differentiate between photographs that have received a certificate of registration and photographs whose applications are currently pending before the Copyright Office. *See, e.g.,* Docket No. 63-1. In addition, Viesti alleges that, by assignment, it is the owner of the copyrights for the photographs listed in "Exhibit B" to its first amended complaint. Docket No. 63-2. Viesti asserts that these photographs are not from the United States and, as such, are exempt from the registration requirements of the Copyright Act. Docket No. 63 at 3, ¶ 8.

Viesti alleges that, between 1996 and 2012, it sold Pearson limited licenses to use the photographs identified in Exhibits A and B. *Id*. at ¶ 9. Viesti claims that the limited licenses imposed express limitations on Pearson's use, such as the number of permissible copies Pearson could sell, the distribution area in which Pearson could sell, and the duration of Pearson's use of photographs for each publication. *Id*. Viesti contends that, "upon information and belief," Pearson exceeded the use permitted by the terms of the licenses or, in some cases, used photographs without first seeking permission. *Id*. at 3-4, ¶¶ 10-11. Viesti further asserts that it did not discover the extent of Pearson's actual use of its photographs until 2010. *Id.* at 4, ¶¶ 12-13. Upon such discovery, Viesti avers that it requested that Pearson provide a detailed breakdown of its use of the photographs, which Pearson declined to provide. *Id*. at ¶ 14.

As a result of these events, Viesti brings a claim for relief against Pearson for copyright infringement in violation of the Copyright Act of 1976, 17 U.S.C. § 101 *et seq*. Docket No. 63 at 5. Pearson now moves to dismiss Viesti's first amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). Docket No. 70.

To survive a motion to dismiss pursuant to Rule 12(b)(6), the complaint need not allege specific facts, but need only give the defendant fair notice of what the claim is and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal quotation marks and alteration marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678.

To state a claim for copyright infringement, Viesti must prove: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Blehm v. Jacobs*, 702 F.3d 1193, 1199 (10th Cir. 2012). The owner of a valid copyright "is entitled, subject to the requirements of section 411, to institute an action for any infringement of that particular right committed while he or she is the owner of it." 17 U.S.C. § 501(b). Section 411(a) provides, among other things, that "no civil action for infringement of the copyright in any United States work shall be instituted until

preregistration[2] or registration of the copyright claim has been made in accordance with this title."  17 U.S.C. § 411(a).

In *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 130 S.Ct. 1237 (2010),  the Supreme Court held that § 411(a) imposed a non-jurisdictional precondition – copyright registration – that plaintiffs ordinarily must satisfy before filing copyright infringement claims.  *Id*. at 1241.  However, the Supreme Court declined to address "whether § 411(a)'s registration requirement is a mandatory precondition to suit that" district courts may enforce *sua sponte* by dismissing copyright infringement claims involving unregistered works.  *Id*. at 1249.

To prove that the copyright registration element is satisfied, the Tenth Circuit has held that a plaintiff can only bring a suit for copyright infringement after "a copyright is registered, and such registration occurs when the Copyright Office approves the application."[3]  *La Resolana Architects, PA v. Clay Realtors Angel Fire*, 416 F.3d 1195, 1203-04 (10th Cir. 2005), *abrogated on other grounds by Reed Elsevier*, 130 S.Ct. at 1247.  The Tenth Circuit rejected the proposition that a work is registered within the

---

[2]Preregistration is applicable to works being prepared for commercial distribution.  *See* 17 U.S.C. § 408(f).

[3]The circuit courts are split on what it means to "register" a copyright work.  *See Cosmetic Ideas, Inc. v. IAC/InteractiveCorp*, 606 F.3d 612, 615 (9th Cir. 2010) (collecting cases).  In contrast to the "registration approach" employed by the Tenth Circuit, the Fifth, Seventh, and Ninth Circuits use the "application approach," which holds that a copyright is registered at the time the copyright holder's application is received by the Copyright Office.  *See Apple Barrel Prods., Inc. v. Beard*, 730 F.2d 384, 386-87 (5th Cir. 1984); *Chicago Bd. of Educ. v. Substance, Inc.*, 354 F.3d 624, 631 (7th Cir. 2003); *Cosmetic Ideas*, 606 F.3d at 615.  Although Viesti requests that the Court consider policy reasons discussed by *Cosmetic Ideas*, this Court is bound by the Tenth Circuit's registration approach discussed in *La Resolana*.

meaning of § 411(a) upon submission of a copyright application and found that the statute requires "actual registration by the Register of Copyrights." *Id*. at 1205.

Pearson moves to dismiss Viesti's complaint on the grounds that Viesti cannot show ownership of the copyrights for all of the photographs in Exhibit A and that the assignment of rights Viesti secured from the owners of the photographs does not give it standing to raise a claim for copyright infringement. Docket No. 70 at 5-10. Additionally, Pearson contends that Viesti's allegations based "upon information and belief" are insufficient to plausibly state a claim for relief. *Id*. at 14-15.

Viesti brings claims for infringement of both registered and unregistered photographs. *See* Docket No. 63 at 2-3, ¶ 7. However, in light of *La Resolana*, Viesti cannot state a claim for relief with regard to the photographs whose applications for a copyright certificate are currently pending before the Copyright Office. 416 F.3d at 1204 ("Every remedy outlined in Title 17, including injunctions, is conditioned upon a copyright owner having registered the copyright"). As a result, the Court will dismiss Viesti's claim of copyright infringement as to those photographs.[4] *See id*.

Pearson next argues that Viesti lacks standing to bring an action for copyright infringement because it is not the legal or beneficial owner of the underlying copyrights at issue. Docket No. 70 at 6. In support of this argument, Pearson attaches several

---

[4] Viesti's citation to *K-Beech, Inc. v. Doe*, No. 11-cv-02371-CMA-CBS, 2012 WL 592868, at *2 (D. Colo. Feb. 23, 2012), is not persuasive. In that case, although the plaintiff had filed the case before securing a certificate of registration, the certificate of registration was issued before the Court's ruling on the motion to dismiss. *See id*. Because the "registration dates back to the date of application," the court found that the plaintiff had satisfied *La Resolana*'s registration requirement. *Id*. Similarly, the plaintiff in *Cosmetic Ideas* had received a registration certificate before the Ninth Circuit issued its order on appeal. 606 F.3d at 614 n.1.

documents that reflect the assignment of rights from the owners of the photographs to Viesti. Docket Nos. 70-1, 70-2, 70-3. Pearson claims that Viesti's allegation that it is the "owner" of the copyrights for the photographs in Exhibit A and Exhibit B is insufficient to allege exclusive ownership. Docket No. 70 at 7-9. Moreover, Pearson requests that the Court consider the documents attached to its motion to dismiss because they are central to Viesti's claim, even though the documents are not attached to the complaint. *Id*. at 7 n.4.

Generally, a motion to dismiss should be converted to a motion for summary judgment if a party submits, and the district court considers, materials outside the pleadings. *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215-16 (10th Cir. 2007). However, when resolving a motion to dismiss pursuant to Rule 12(b)(6), a court may consider, in addition to the allegations of the complaint, "(1) documents that the complaint incorporates by reference, (2) 'documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity,' and (3) 'matters of which a court may take judicial notice.'" *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010).

In this case, the Court will not consider the documents attached to Pearson's motion to dismiss. Although these documents are important to Viesti's claim and the parties do not contest their authenticity, the Court is unwilling to convert this motion into a motion for summary judgment. *See Lybrook v. Members of Farmington Mun. Sch. Bd. of Educ.*, 232 F.3d 1334, 1341-42 (10th Cir. 2000) (noting that the mere fact that defendant provided documents to the Court does not require the Court to rely on those documents). A determination of whether the owners of the copyrights conveyed

6

exclusive rights to Viesti can be made only after careful analysis of the agreement between the parties. The hodgepodge nature of these documents given the dismissal of the unregistered photographs is not conducive to a proper determination of the issues in the case.[5] *See HyperQuest, Inc. v. N'Site Solutions, Inc.*, 632 F.3d 377, 386 (7th Cir. 2011). Unlike *Silvers v. Sony Pictures Entm't, Inc.*, 402 F.3d 881, 885 (9th Cir. 2005), and *Righthaven LLC v. Wolf*, 813 F. Supp. 2d 1265 (D. Colo. 2011), which dealt with one photograph and one assignment, the documents attached to Pearson's motion relate to hundreds of assignments for both registered and unregistered photographs. *See* Docket Nos. 70-1, 70-2, 70-3.

Without the documents attached to Pearson's motion, the Court finds that Viesti, the alleged owner by assignment or authorship of the registered copyrights at issue, has sufficiently averred that it is entitled to institute an action for infringement of the assigned copyrights. 17 U.S.C. § 501(b); *Blehm*, 702 F.3d at 1199 (to state a claim of copyright infringement, plaintiff must allege "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original").

Finally, Pearson argues that Viesti's complaint does not sufficiently allege the precise manner in which Pearson exceeded its rights under the licenses. Docket No. 70 at 14-15. Pearson contends that Viesti's claim appears to be based on "guesswork

---

[5]Neither party has identified the relevant state law that should apply to the construction of the initial assignments and which will determine what effect, if any, the addendums have. *See SCO Group, Inc. v. Novell, Inc.*, 578 F.3d 1201, 1209-10 (10th Cir. 2009) (applying California law and holding that agreements transferring copyrights must be read as a whole); *Righthaven LLC v. Wolf*, 813 F. Supp. 2d 1265, 1272 n.6 (D. Colo. 2011) (applying Colorado law).

and speculation" and Viesti has not provided factual support for its allegations. *Id.* at 14. The Court is not persuaded.

Viesti's complaint alleges that it gave Pearson licenses for the limited use of certain photographs listed in Exhibit A and Exhibit B and that Pearson exceeded the scope of these limited licenses or used the photographs without permission. Docket No. 63 at 3-4, ¶¶ 9-11. Exhibits A and B provide details for each license, and it can be inferred from these documents that Viesti alleges that Pearson violated the limited license agreement for each license in every way identified (i.e. exceeded the scope of the license and used the photograph without approval). The fact that Viesti alleges infringement of several hundred photographs does not make its claims any less plausible. As the complaint notes, before Viesti initiated this action, it requested that Pearson provide information regarding its use of the photographs, which Pearson refused to provide. Docket No. 63 at 4, ¶ 14. Because only Pearson knows the extent of its use of the licenses, it cannot plausibly assert that it does not have notice of Viesti's claims. Given the foregoing, the Court finds that Viesti has done more than provide a formulaic recitation of the elements of a claim. *Iqbal*, 556 U.S. at 678. Viesti has identified works allegedly infringed, the manners in which the licenses were allegedly breached, and the plausible ways in which it was damaged. Under these circumstances, Viesti has provided as much information as can reasonably be included for these claims and, as a result, Viesti's complaint meets the threshold required under notice pleading. Moreover, numerous courts dealing with issues similar to the ones raised in this case have upheld plaintiffs' pleadings made "on information and belief."

*See, e.g., Frerck v. Pearson Educ., Inc.*, 2012 WL 1280771, at *3 (N.D. Ill. April 16, 2012); *Bean v. Pearson Educ., Inc.*, 2011 WL 1882367, *12-13 (D. Ariz. May 17, 2011).

Because the Court has dismissed Viesti's claims as they relate to the unregistered photographs, the Court will order Viesti to file an amended complaint including only those photographs that received a valid certificate of registration as of April 13, 2012 (the date of the First Amended Complaint). In its amended complaint (or exhibits attached to it), Viesti shall identify each photograph with its certificate of registration, the document assigning Viesti the exclusive right of ownership to the particular photograph, and the date of such assignment.

Accordingly, it is

**ORDERED** that Defendant Pearson Education, Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint [Docket No. 70] is **GRANTED** in part and **DENIED** in part. It is further

**ORDERED** that, no later than twenty days from the date of this Order, plaintiff Viesti Associates, Inc. shall file an amended complaint with accompanying exhibits identifying photographs with certificates of registration no later than April 13, 2012, along with the assignment of the exclusive right to each photograph, and when Viesti secured the assignment of exclusive rights for each photograph.

DATED March 26, 2013.

          BY THE COURT:

          s/Philip A. Brimmer
          PHILIP A. BRIMMER
          United States District Judge