# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
### Magistrate Judge David L. West

**VIESTI ASSOCIATES, INC.,**                    Civil Action No. 12-CV-01431-PAB-DLW

**Plaintiff,**

**vs.**

**PEARSON EDUCATION, INC. and**
**John Doe Printers 1 - 10,**

**Defendant(s).**

_____

**VIESTI ASSOCIATES, INC.,**                    Civil Action No. 11-CV-01687-PAB-DLW

**Plaintiff,**

**vs.**

**PEARSON EDUCATION, INC.,**

**Defendant.**

## ORDER RE: DEFENDANT'S MOTIONS TO COMPEL
## PRODUCTION OF DOCUMENTS [DOCS. #61 and #102]

**ORDER ENTERED BY MAGISTRATE JUDGE DAVID L. WEST**

The Defendant's Motions to Compel Production of Documents [Docs. #61 and #102] in the above-referenced cases were referred to the Magistrate Judge by Judge Philip A. Brimmer on June 3, 2013.

## **BACKGROUND**

Pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rules 7.1 and 37.1, Defendant Pearson Education, Inc. ("Pearson") has moved to compel Plaintiff Viesti Associates, Inc. ("VAI") to produce documents withheld in discovery. VAI opposes the motion to compel in these two related cases, 11-CV-01687-PAB (referred to as *Viesti I*) and 12-CV-01431-PAB (referred to as *Viesti II*). VAI asserts copyright infringement claims against Pearson on behalf of third-party copyright owners of photographs. The photographers executed copyright assignment agreements attempting to give VAI standing to bring copyright infringement actions against Pearson. VAI, in its opposition (page 2), agrees its claim of standing places the terms of the assignments at issue in these cases along with correspondence between VAI and the photographers tending to reflect those terms. The remaining question is whether or not VAI communications with the third-party photographers, that do not relate to the assignments, remain privileged under the work product doctrine or attorney-client privilege.

In Pearson's Request for Production of Documents [Nos. 6, 7, and 9 in *Viesti I* and Nos. 4 and 12 in *Viesti II*) it sought documents and/or communications relating to the assignment of copyrights and claims from photographers and documents concerning how and when VAI and the photographers first became aware of the claims asserted against Pearson. Such documents may reflect the parties' true motives in entering into the assignments and show when VAI and th copyright owners knew or should have known of their claims against Pearson. VAI has produced multiple privilege logs in *Viesti I* and *Viesti II* showing communications with the copyright owners alleging work product protection and later produced un-redacted documents that it had previously withheld on its privilege logs.

**FINDINGS**

Fed. R. Civ. P. 26(b(3) provides:

Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representatives (including the party's attorney, consultant, surety, indemnitor, insurer, or agent).

The work product doctrine protects materials "prepared for any litigation or trial as long as they were prepared by or for a party to the subsequent litigation." *Frontier Ref., Inc.* v. *Gorman-Rupp Co., Inc.*, 136 F. 3d 695, 703 (10th Cir. 1998). Certain non-parties may be considered "parties" for the purposes of work product privilege, *Stanley Works* v. *Haeger Potteries, Inc.*, 35 F.R.D. 551, 554-555 (N.D. Ill. 1964). *AT&T Corp.* v. *Microsoft Corp.*, 02-0164 MHP (JL), 2003 WL 21212614 (N.D. Cal. Apr. 18, 2003), if the non-party is in substance equally concerned with the outcome.

Prior to the execution of the assignments, the interests of the copyright owners were in conflict with the interests of VAI as they were negotiating an arms length transfer of their copyrights to VAI. Additionally, neither VAI nor the third-party copyright owners were "party's attorney nor other representative" prior to the assignment.

Prior to the assignment, even if VAI and the third-party copyright owners communications contained work product, the work product doctrine was waived by VAI's voluntary disclosure to third-parties.

Colorado and Federal common law both recognize the common-interest doctrine as an exception to the waiver of privilege where parties with common legal interests exchange otherwise privileged information. *Duplan Corp.* v. *Deering Milliken, Inc.*, 397 F. Supp. 1146 (D.S.C. 1974). This doctrine is a narrowly construed exception to the general rule that disclosure of privileged information to a third-party waives the privilege. *Perkins* v. *Fed. Fruit and Produce Co.*, No. 11-CV-00542, 2011 WL 6937195, *4 (D. Colo. Dec. 30, 2011). The interests of VAI and third-party

3

copyright owners were not identical prior to the assignment because they were negotiating an arms length transaction.

The Court **FINDS**:

1. That all communications and documents concerning the terms of the assignments are discoverable and not subject to attorney-client privilege or the work product doctrine because VAI's claim of standing places the terms of the assignments at issue.

2. That all communications between VAI and third-party copyright owners prior to the execution of the assignments are discoverable because they do not involve attorney-client, work product or common interest privilege, and even if they did, that privilege was waived by VAI's disclosure to a third-party.

3. That Pearson has a substantial need for these documents and communications and could have used them during third-party copyright photographer Kaehler's deposition. The Court amends the Scheduling Order in *Viesti II* to extend discovery for the completion of Kaehler's deposition to August 25, 2013.

4. All communications between VAI and third-party copyright owners after the execution of the assignments that do not involve assignment subject matter shall be subject to an *in camera* review by the Court to determine the applicability of attorney-client and work product privilege on **August 13, 2013 at 3:00 p.m.**

As reflected above, the Court **GRANTS** Pearson's Motion to Compel Production of Documents **in part** and will review *in camera* the remaining documents. The Court **ORDERS** VAI to produce all documents and communications prior to the assignments or concerning the assignments by third-party copyright owners to Pearson by August 1, 2013.

**DATED: July 23, 2013.**

          **BY THE COURT:**

          <u>**s/David L. West**</u>
          **United States Magistrate Judge**

**NOTICE: Pursuant to Fed. R. Civ. P. 72(a), "[w]ithin 14 days after being served with a copy of the magistrate's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." <u>See</u> 28 U.S.C. § 636(b)(1)(A) ("a judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law.").**